ELIZABETH R. POSTON AND HUSBAND, BANKS E. POSTON v. H. S. RAGAN, JR., AND WIFE, LONITA S. RAGAN; H. T. RAGAN AND WIFE, ELIZABETH H. RAGAN

No. 7218SC6

(Filed 29 March 1972)

Appeal and Error § 7; Partition § 6— partitioning proceeding — failure to file exceptions — appeal from dismissal of co-respondents' appeal

   Where respondents in a partitioning proceeding did not file timely exceptions to the commissioners' report or to the clerk's order affirming the report and did not give notice of appeal to the superior court, they may not appeal from an order entered in the superior court dismissing their co-respondents' appeal to superior court after the co-respondents abandoned their exceptions.

APPEAL by Respondents, H. S. Ragan, Jr., and wife, Lonita S. Ragan, from *Kivett, Judge,* at the 26 April 1971 Session of GUILFORD Superior Court.

This is a special proceeding, instituted 5 October 1965, for the partition of land owned by the parties as tenants in common. Commissioners were appointed on 20 June 1968 to effect the partition. After an extension of time, the commissioners' report was filed 6 May 1969.

Only H. T. Ragan (H. T.), and wife, filed timely exceptions to the commissioners' report. These exceptions were overruled by the clerk of superior court, and his order confirming the commissioners' report was entered 19 November 1969. H. T. and wife filed timely exceptions to the clerk's order and appealed to the superior court.

Appellants, H. S. Ragan, Jr. and wife, did not timely except to the commissioners' report or to the clerk's order and did not give notice of appeal. However, on 14 September 1970, after time for filing exceptions and giving notice of appeal had expired, appellants were granted leave to file exceptions and appeal in an order entered by Judge Collier without notice to the other parties. In accordance with this order, appellants filed exceptions and purportedly appealed to the superior court.

On 6 November 1970 the other parties moved to vacate Judge Collier's order, strike appellants' exceptions, and dismiss appellants' appeal to the superior court. This motion was allowed in its entirety by Judge Crissman in an order entered 27 November 1970. An appeal by appellants from this order was subsequently abandoned.

When the appeal of H. T. and wife came on for hearing before Judge Kivett, the appealing parties expressly abandoned all exceptions and Judge Kivett thereupon dismissed their appeal. Appellants appeal to this Court from Judge Kivett's order dismissing the appeal of their co-respondents to the superior court.

*James Mattocks and C. Richard Tate, Jr., for petitioners appellees.*

*Frazier, Frazier & Mahler by C. Clifford Frazier, Jr., and Spencer W. White for respondent appellants, H. S. Ragan, Jr., and wife, Lonita S. Ragan.*

*Haworth, Riggs, Kuhn and Haworth by John Haworth for respondent appellees, H. T. Ragan and wife, Elizabeth H. Ragan.*

CAMPBELL, Judge.

The question for decision is whether appellants may appeal from the order of Judge Kivett dismissing the appeal to superior court perfected by appellants' co-respondents. We hold that they cannot.

We find no cases directly on point in North Carolina, but the general rule is set forth in 4 C.J.S., Appeal and Error, § 348, p. 1168: ". . . A party is not entitled to the benefit of an exception not taken by himself, and therefore an exception taken by one party is not available to his adversary, or to a co-party."

We find a clear statement of the general prevailing rule in *Weed, et al v. Gainesville, J. & S. R. Co., et al,* 119 Ga. 576, 46 S.E. 885 (1904):

> ". . . where there are various and independent parties to the litigation, and one files exceptions, the others have no vested interest therein; that the exception may be withdrawn, and other parties to the record cannot complain of the dismissal or use the original exceptions as a basis for the assignment of error here."

The authorities cited above are sound. Appellants did not comply with G.S. 1-272, which specifies the manner of effecting an appeal from the clerk of superior court. Therefore, they had no exceptions pending before Judge Kivett. When their co-respondents abandoned the only exceptions that were before Judge Kivett, nothing remained to be heard.

Appellants cannot be aggrieved by an order dismissing someone else's appeal. An appeal to this Court can be taken only by a party aggrieved. G.S. 1-272.

Appealed dismissed.

Judges BRITT and GRAHAM concur.